UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN T. HIGGINS,<br>    Plaintiff,<br><br>v.<br><br>VERIZON OF NEW ENGLAND, INC.,<br>    Defendant. | Civil Action No.<br>18-12092-NMG |

### MEMORANDUM AND ORDER

**GORTON, J.**

This case arises out of the allegations of a Verizon New England[1] customer in a pro se complaint naming Verizon as defendant. Pending before the Court is plaintiff's affidavit of indigency and defendant's motions to dismiss and for injunctive relief. For the reasons that follow, plaintiff will be permitted to proceed <u>in forma pauperis</u> and shall show cause, in writing, why the defendant's motions should not be granted.

### I. Background

On October 5, 2018, Plaintiff John T. Higgins filed a complaint naming Verizon as a defendant. <u>See</u> Docket No. 1. Plaintiff alleges in his statement of claim that he has brought the complaint "because the apartment complex [he] live[s] in is restricting [his] telecommunications services to one local

---

[1] The plaintiff improperly identifies the defendant as "Verizon of New England" and the proper entity to be named as defendant is Verizon New England, Inc.

company." Id. at ¶ III (statement of claim). He also alleges claims of "obstruction of justice" and "collusion." Id. at ¶ IV (relief), page 5. Plaintiff seeks monetary damages in the amount of $31,000,000. Id. at ¶ I(B)(3) (the amount in controversy). With his complaint, plaintiff attaches what appears to be a copy of a motion he filed in a state court action he filed against Verizon in Middlesex Superior Court. Id. at page 7. Plaintiff also submitted an Affidavit of Indigency seeking waiver of the filing fee. Id. at pages 9-12.

While this action was pending, and before a summons issued, defendant filed a motion to dismiss. See Docket No. 7. Defendant also filed a motion for injunctive relief. See Docket No. 8.

## II. Discussion

### A. Filing Fee

Litigants seeking to proceed in forma pauperis must submit an affidavit that includes a statement of all plaintiff's assets. See 28 U.S.C. § 1915(a)(1). Upon review of the plaintiff's affidavit, the Court concludes that he is without income or assets to pay the $400.00 filing fee. He is therefore permitted to proceed in forma pauperis.

### B. Plaintiff's Complaint is Subject to Dismissal

As an initial matter, documents filed by an unrepresented litigant are to be "liberally construed," and an unrepresented

2

plaintiff's complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. Iqbal, 556 U.S. at 678. Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. Iqbal, 556 U.S. at 678. See also Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

To the extent the plaintiff seeks review the earlier rulings of the Middlesex Superior Court, this Court is without subject matter jurisdiction to entertain what would be the

functional equivalent of an appeal from a state judgment. Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008).

To the extent the plaintiff alleges collusion, the complaint fails to allege one fact in support of such a claim. To the extent the plaintiff seeks to assert a claim for obstruction of justice, private citizens lack a judicially cognizable interest in the federal prosecution or non-prosecution of another. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D.P.R. 1990) (same). There is no private right of action under the federal statutes for obstruction of justice. See Harihar v. United States, No. 17-11109-DJC, 2017 WL 6551360 at *3 (D. Mass. Aug. 11, 2017).

For these reasons, and the reasons stated in the defendant's motion to dismiss, plaintiff's complaint is subject to dismissal for failing to state a claim upon which relief may be granted.

C. **Defendant's Motion for Injunctive Relief**

Defendant moves to have this Court enter an order permanently enjoining the plaintiff from filing in federal court any suit against the defendant involving the same or similar

claims as are asserted in this action or plaintiff's two state court complaints, without prior leave of court. See Docket No. 8. A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. 1999) (per curiam)(citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)). In addition to authority under Rule 11 and 28 U.S.C. § 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999)(same).

Here, the defendant alleges that on November 6, 2017, and again on February 1, 2018, the plaintiff filed two actions against the defendant asserting the same or similar claims as asserted in the instant federal action. Plaintiff's earlier actions were unsuccessful and on October 2, 2018, the state court entered an order permanently enjoining the plaintiff from bringing similar claims in state court without prior court approval. See Higgins v. Verizon of New England, Inc., No. 1881cv01057 (Middlesex Superior Court Oct. 2, 2018).

As noted by the defendant, plaintiff appears to be seeking reinstatement of his unsuccessful state lawsuits against the defendant. Given plaintiff's litigious history and the lack of legal merit of the cases, this Court finds that plaintiff's complaints are frivolous and that his conduct is vexatious and an abuse of the processes of this Court for the administration of justice.

In light of the above, plaintiff will be granted an opportunity to show good cause (1) why he should not be subject to the imposition of monetary sanctions should he make any additional frivolous, vexatious and/or unreasonable submissions to the Court and (2) why he should not be enjoined from filing in this federal court any suit against the defendant involving the same or similar claims absent permission from a district judge.

### ORDER

For the foregoing reasons, plaintiff is granted leave to proceed in forma pauperis. Plaintiff shall, within twenty-one (21) days from the date of this Memorandum and Order, show cause, in writing, why the defendant's motions to dismiss and for injunctive relief should not be granted.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
**United States District Judge**

Dated: December 19, 2018